UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MYLES R. DESNER, MD,

                      Plaintiff,

          -against-

EDUCATORS MUTUAL LIFE INSURANCE
COMPANY, HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, AMERICAN COLLEGE
OF PHYSICIANS and AMERICAN COLLEGE
OF PHYSICIANS INSURANCE TRUST,
                      Defendants.

------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-6154

(Wexler, J.)

APPEARANCES:

SPIZZ & COOPER, LLP
BY:   Harvey W. Spizz, Esq.
114 Old Country Road
Mineola, NY 11501
Attorneys for Plaintiff

PEPPER HAMILTON LLP
BY:   Laura M. Leitner, Esq.
       Brian P. Downey, Esq.
The New York Times Building, 37th Floor
620 Eighth Avenue
New York, New York 10018
Attorneys for Defendants Educators Mutual Life Insurance Company
and Hartford Life and Accident Insurance Company

KAUFMAN BORGEEST & RYAN LLP
BY:   Paul T. Curley, Esq.
       Patrick Stoltz, Esq.
200 Summit Lake Drive
Valhalla, NY 10595
Attorneys for Defendants American College of Physicians
and the American College of Physicians Insurance Trust

WEXLER, District Judge:

Plaintiff Myles R. Desner, MD ("Desner") brings this breach of contract action claiming Defendants Educators Mutual Life Insurance Company ("Educators Mutual") and Hartford Life and Accident Insurance Company ("Hartford") have breached their obligation to continue paying Plaintiff long-term disability payments, and also seeks punitive damages from Hartford. In addition, Plaintiff claims that Defendants American College of Physicians ("ACP") and the American College of Physicians Insurance Trust ("Insurance Trust") breached their fiduciary duty to Plaintiff. All Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.Pro."), Rule 12(b)(6). For the following reasons, Defendants' motion is denied in part and granted in part.

## BACKGROUND

The following facts are alleged in Plaintiff's complaint and certain material facts are undisputed by the parties.[1] Plaintiff Myles R. Desner, MD ("Desner"), is a member of ACP. Cmplt., ¶ 8. ACP entered into a contract of insurance with Educators Mutual for disability insurance benefits for its members. Effective April 15, 1993, ACP issued Plaintiff a Certificate of Insurance ("Certificate") providing disability income insurance benefits should Plaintiff be unable to work due to injury or sickness. Cmplt., ¶¶ 12-14.

On or about May 27, 1995, at the age of 48, Plaintiff became disabled pursuant to the terms of the Certificate, and continues to be disabled under the terms of the Certificate. Cmplt., ¶ 18-19. Educators Mutual paid Plaintiff monthly benefits of $7,500 per month pursuant to the

---

[1] See Defendants Educators Mutual and Hartford's Memorandum of Law in Support ("EM & H Mem."), at 2; Defendants ACP's and Insurance Trust's memorandum of Law in Support ("ACP & Insurance Trust Mem."), at 3 n.1.

terms of the Certificate. Cmplt., ¶ 20. In July 1999, ACP authorized Hartford to administer Plaintiff's disability claim, which it did. Cmplt., ¶ 23-24. Plaintiff received monthly disability benefits in the sum of $7,500 per month, plus cost of living increases, from approximately May 27, 1995 until June 12, 2011, the day before his 65th birthday. Cmplt., ¶ 26. Since that time, Defendants have refused to make further payments to Plaintiff. Cmplt., ¶ 27.

The Certificate's Schedule of Benefits, Long Term Disability Benefit[2], states:

> Monthly Benefits Amount $<u>7,500</u>
>
> > On the April 15 policy anniversary after the Member attains Age 65, the Monthly Benefit Amount will be $<u>1,000</u>
>
> Maximum Benefit Period
> 1. Injury..........................................Lifetime
> 2. Sickness Disability commencing:
> > Prior to Age 60 ............... <u>To Age 65</u>
> > At Ages 60-62 ................. 5 Years
> > At Ages 63-64 ................. To Age 68
> > At Ages 65-66 ................. 3 Years
> > At Ages 67-69 ................. To Age 70

See Stoltz Dec., Ex. D: Certificate, at 3.

Further in the Certificate, under the Long Term Disability Benefit section, it states:

> "In the event of your total disability, we will pay the Monthly Benefit Amount for each complete month of disability.... Coverage for this benefit and the amount of this benefit shall be determined from the Schedule of Benefits.

---

[2]Plaintiff claims the Certificate attached as Exhibit ("Ex.") D to the Declaration of Patrick Stoltz ("Stoltz Dec.") is more accurate than the version attached as Ex. A to the Affidavit of Laura M. Leitner. The only apparent difference is the pagination, yet the Court's review is based Plaintiff's preferred copy, which is appropriately considered as part of this motion to dismiss as the contract integral to this dispute. See Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005) (the court may consider any document upon which the complaint relies or which is integral to the complaint.")

> Payment is subject to the following conditions:
>
> .....
>
> 4. Benefits will not be paid for any period of disability beyond the Maximum Benefit Period shown in the Schedule of Benefits; and
>
> .....

Stoltz Dec., Ex. D, at 6-7.

Plaintiff alleges that the Certificate provides a monthly benefit amount of $7,500 plus cost of living increases until the policy anniversary date after he turns the age 65 (April 15, 2012) and then $1,000 a month, plus cost of living increases, thereafter. Cmplt., ¶ 25.

Defendants claim that Plaintiff is not entitled to further payments because the maximum benefit period on the Certificate states that if the disability commences before the age of 60 (as it did for Plaintiff) the maximum benefit period is to age 65, and that elsewhere the Certificate provides the benefits will not be paid beyond the maximum benefit period. Cmplt., ¶ 30.

On October 3, 2013, Plaintiff brought an action in New York Supreme Court, Nassau County, which was removed to this Court. In addition to seeking dismissal of the breach of contract claim[3], Defendant Hartford also claims there is no basis for Plaintiff's claim for punitive damages. Defendants ACP and Insurance Trust seek to dismiss the claim that they breached a fiduciary duty to Plaintiff, arguing that Plaintiff fails to allege that a fiduciary duty exists. Plaintiff opposes the motion.

## DISCUSSION

I. <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[3]Plaintiff also seeks a declaratory judgment that he is entitled to continued benefits in the amount of $7,500 per month from June 13, 2011 until April 16, 2012, and the amount of $1,000 per month, plus costs of living increases, for as long as he is disabled. Cmplt., ¶ 52-56.

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 555 U.S. at 557).

## II. Breach of Contract

To state a claim for breach of contract under New York law, a complaint must set forth the following elements: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." Gutt v. Nassau Health Care Corp., No. 04CV57, 2005 U.S. Dist. LEXIS 38775, at *15 (E.D.N.Y. Mar. 15, 2005) (quoting First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998)). Plaintiff's complaint sets forth these elements. The issue here is whether the language is clear and unambiguous in denying Plaintiff the benefits

he seeks.

"Under New York law, 'the initial interpretation of a contract is a matter of law for the court to decide.'" Maniolos v. United States, 741 F. Supp. 2d 555, 566 (S.D.N.Y. 2010) (quoting Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, 136 F.3d 82, 86 (2d Cir. 1998)) (additional citations omitted). Such an interpretation includes whether or not the terms of the contract are ambiguous. See Maniolos, 741 F. Supp. 2d at 566; see also W.W.W. Assoc., Inc. v. Giancontieri, 77 N.Y.2d 157, 162 (1990) ("Whether or not a writing is ambiguous is a question of law to be resolved by the courts.").

"Where a contract's language is clear and unambiguous, a court may dismiss a breach of contract claim on a Rule 12(b)(6) motion to dismiss." Maniolos, 741 F. Supp. 2d at 567 (collecting cases). Where the language of a contract is ambiguous, however, "its construction presents a question of fact, which of course precludes summary dismissal." Crowley v. VisionMaker, LLC, 512 F. Supp. 2d 144, 152 (S.D.N.Y. 2007).

A contract's language is considered ambiguous "if it is reasonably susceptible to more than one meaning." Maniolos, 741 F. Supp. 2d at 567 (citing Chimart Assoc. v. Paul, 66 N.Y.2d 570, 573 (1986)) (additional citations omitted). Conversely, a contract is deemed unambiguous if it has a "definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion." Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir. 1989) (citation omitted). Contract language "is not made ambiguous simply because the parties [to the litigation] urge different interpretations." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 598 (2d Cir. 2005).

In determining the within motion, as noted above, the Court has reviewed the underlying

Certificate, which is incorporated into the complaint by reference. See Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). After such review, the Court finds that the Certificate is ambiguous. As shown in the language quoate above, *supra,* at 3, the Monthly Benefit Amount states: "after the Member attains Age 65, the Monthly Benefit Amount will be $1,000." Immediately underneath, the "Maximum Benefit Period" is, if the Sickness Disability commences "Prior to Age 60.....to Age 65." The Court finds that these two sections on their face, and yet juxtaposed, are inconsistent. It is unclear whether the monthly benefits stop altogether at age 65, or merely drop to $1,000 per month as noted reflected in the Monthly Benefit Amount. Page 7 of the Certificate states that "[b]enefits will not be paid for any period of disability beyond the Maximum Benefit Period shown in the Schedule of Benefits," but this does not clarify the ambiguity since it refers back to the unclear language on page 3. The Court also notes that the term "Maximum Benefit Period" is not defined in the Certificate, which furthers the ambiguity. See Stoltz Dec., Ex. D: Certificate: Definitions, at 5-6. As a result, dismissal of the action is unwarranted at this time, and Defendants' motion to dismiss the breach of contract claim (as well as the declaratory judgment claim) is denied. Defendants may choose to revisit this issue on a motion for summary judgment following the close of discovery.

III. Punitive Damages Claim

Defendants Educators Mutual and Hartford seek to dismiss the claim for punitive damages against Hartford, arguing that punitive damages are not recoverable in a breach of contract action without a tort independent of the contract. See EM & Hartford Mem., at 7-9. In Rocanova v. Equitable Life Assur. Soc. of U.S., 83 N.Y.2d 603, 634 N.E.2d 940 (1994), the New York Court of Appeals stated that punitive damages are not available for a breach of contract

unless it involves "fraud evincing a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations" and the conduct is "aimed at the public generally." Id., 83 N.Y.2d at 613, 634 N.E.2d at 943 (citing Walker v. Sheldon, 10 N.Y.2d 401, 404–405, 223 N.Y.S.2d 488, 179 N.E.2d 497) (internal quotations omitted); see also Manning v. Utilities Mut. Ins. Co., Inc., 254 F.3d 387, 400 (2d Cir. 2001). Acknowledging this standard is correct, Plaintiff argues that "Hartford's history of litigating valid claims" justifies his claim for punitive damages. Pl. Mem., at 10. Yet, this "history," nor any facts to substantiate "fraud" or "moral turpitude," are alleged in Plaintiff's complaint. "A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Ashcroft v. Iqbal, 556 U.S. at 678. Therefore, Defendants' motion to dismiss the punitive damage claim is granted.

IV. Breach of Fiduciary Duty

In response to Defendants ACP's and Insurance Trust's motion to dismiss the breach of fiduciary duty claim, Plaintiff argues for the first time that this duty is owed because those Defendants acted as brokers. Pl. Mem., at 11.

Under New York law, the elements of a claim for breach of fiduciary duty are: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011) (citations omitted). "A fiduciary relationship exists under New York law 'when one ... is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'" Childers v. New York and Presbyterian Hosp., 2014 WL 2815676, *9 (S.D.N.Y. 2014) (citing Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir.1991) (other citations omitted)).

Without more, Plaintiff's complaint alleges these Defendants "owed a fiduciary duty" and a "duty of loyalty to Plaintiff" and other members of the group; they were "required to ensure that the insurance they were offering" was what it was represented to be; and were "required to ensure" the agents administering the policy were qualified and fair. Cmplt., ¶ 58-62.

A fiduciary relationship is established where there is confidence on one side, and "resulting superiority" and influence on the other. Nasso v. Bio Reference Laboratories, Inc., 892 F.Supp.2d 439, (E.D.N.Y. 2012) (quoting Argent Elec., Inc. v. Cooper Lighting, Inc., 2005 WL 2105591, *9 (S.D.N.Y. 2005) (other citations omitted). It involves "discretionary authority and dependency," and includes "reliance, and de facto control and dominance." Nasso v. Bio Reference Laboratories, Inc., 892 F.Supp.2d 439, 451-452 (E.D.N.Y. 2012) (quoting Argent Elec., Inc., at *9 and United States v. Chestman, 947 F.2d 551, 568-569 (2d Cir. 1991) (internal quotations omitted)).

The Court finds that even construing Plaintiff's allegations as true, there is no factual basis to find a fiduciary relationship exists between Plaintiff and ACP and Insurance Trust. The complaint does not contain any facts to substantiate the degree of trust necessary to create a fiduciary relationship. Therefore, because Plaintiff does not establish a fiduciary relationship, his claim for breach of a fiduciary duty is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' breach of contract and declaratory judgment claims are denied, and the motions to dismiss the punitive damage and breach of fiduciary duty claims are granted. The Clerk of the Court is hereby directed to close

this case as to Defendants American College of Physicians and the American College of Physicians Insurance Trust.

SO ORDERED:

Dated: Central Islip, New York
      September 29, 2014

                                    s/ Leonard D. Wexler
                                  LEONARD D. WEXLER
                                  United States District Judge